[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-16488
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 1, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-00099-CR-KD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONALD WAYNE RAY, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(June 1, 2009)

Before CARNES, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Donald Wayne Ray, Jr. appeals his sentence for conspiracy with intent to

distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). Ray argues that (1) the government breached the plea agreement by advocating a 10-year statutory minimum term of imprisonment at sentencing, despite the plea agreement's provision that a 5-year statutory minimum applied, and (2) his decision to proceed with sentencing, rather than withdraw his guilty plea, was involuntary because it was influenced by (a) the government's threat to withdraw its U.S.S.G. § 5K1.1 motion and (b) the district court's participation in the plea negotiations in violation of Fed.R.Crim.P. 11(c)(1).

## I.    Breach of Plea Agreement

Ray does not wish to withdraw his guilty plea; rather, he seeks to enforce the 5-year mandatory minimum set forth in the plea agreement. Ray notes that the government and the district court both stated, at the Rule 11 proceeding, that his applicable statutory mandatory minimum sentence was 5 years. He contends that the five-year mandatory minimum penalty "was a material part of the consideration for [his] guilty plea" and notes that, until the sentencing hearing, the government had consistently asserted that the applicable statutory minimum was five years' imprisonment. Thus, Ray contends that the government's advocacy, at sentencing, of a ten-year mandatory minimum breached the plea agreement, because it was "fundamentally incompatible" with the provisions of the plea agreement.

2

Although there was a misrepresentation at the plea hearing that the statutory mandatory minimum was 5 years, the trial judge corrected that error at sentencing and gave the defendant and his counsel the opportunity to defer sentencing and hold a hearing addressing whether Ray would be permitted to withdraw his guilty plea. Ray declined, choosing instead to proceed with sentencing. Further, Ray did not object to the sentence after it was imposed.

Since his claims that the government breached the plea agreement were unpreserved by an objection during the sentencing, plain error review applies. See Puckett v. United States, 556 U.S. __, 129 S.Ct. 1423, 1443, 173 L.Ed.2d 266 (2009). Under plain error review, there must be (1) error, (2) that is plain, and (3) that affects substantial rights. United States v. Shelton, 400 F.3d 1325, 1328-29 (11th Cir. 2005). When a defendant challenges the government's breach of a plea agreement and the breach relates to the defendant's rights at sentencing, the defendant cannot show that he suffered prejudice unless he shows that his sentence would have been different in the absence of the breach. Puckett, 556 U.S. at __, 129 S.Ct. at 1433 n.4.

In this case, the district court stated that it would have sentenced Ray to 120 months' imprisonment, even if it applied the 5-year mandatory minimum set forth in the plea agreement. Thus Ray has failed to show that the alleged breach affected

his substantial rights because he suffered no prejudice as a result of the alleged breach. Accordingly, he has failed to show plain error.

## II.    Decision to Continue With Sentencing

Ray argues that he did not effectively waive his right to withdraw his guilty plea, because the waiver was not voluntary, in light of the government's threat to withdraw its U.S.S.G. § 5K1.1 motion if he withdrew his plea. He contends that it is unconstitutional for the government to refuse to file a § 5K1.1 motion as punishment for exercising his Sixth Amendment rights. Ray secondly contends that his decision to persist in his guilty plea was unduly influenced by that court's statement that it had "every intention of giving [Ray] 120 months today." He asserts that this statement violated Fed.R.Crim.P. 11(c)(1)'s prohibition on courts participating in plea negotiations. Ray argues that the combination of the breach of the plea agreement, the government's improper threat to withhold its § 5K1.1 motion, and the court's involvement in plea negotiations constituted plain error.

First, we do not construe the government's observation at sentencing that withdrawing the guilty plea might preclude the possibility of a future § 5K1.1 motion as a threat. Moreover, because Ray does not contend that he would have withdrawn his guilty plea in the absence of the government's "threat," Ray has failed to establish any prejudice to his substantial rights and thus failed to show

4

plain error.

Second, we find no merit to Ray's argument that the district court impermissibly participated in the plea negotiations. Because Ray bases his Rule 11 challenge solely on comments the district court made during sentencing, rather than during the plea bargaining process, and because we have never applied Rule 11 to a district court's post-plea comments, Ray has failed to establish plain error. Accordingly, we affirm Ray's sentence.

**AFFIRMED.**